The Sumner Co. *v.* Fisher.

(Decided November 24, 1926.)

*Messrs. Herberich, Burroughs & Bailey,* for plaintiff in error.

*Messrs. Grant, Thomas & Buckingham,* for defendant in error.

WASHBURN, J. The parties stood in the inverse order in the common pleas court, and will be here referred to as they appeared in that court.

At the place of the accident, out of which this action arose, the Brecksville road between Cleveland and Akron extends in substantially a north and south direction, and is improved with a brick pavement 14 feet wide along the easterly side thereof. On the westerly side of the improvement there is a strip of dirt road 8 or 10 feet wide.

The defendant, the Sumner Company, was operating a truck in a northerly direction along this highway at about 6 o'clock in the morning on October 24, 1924, and the plaintiff, Herbert Fisher, was operating a Ford sedan in a southerly direction along said highway at the same time. There was a head-on collision between said motor vehicles, and the plaintiff was injured. He sued the defendant and recovered a judgment for $13,500.

It is claimed that the trial court erred in abridging the right of defendant to fully cross-examine plaintiff's witnesses.

The record discloses one instance in which the members of this court would have allowed a little fuller cross-examination, but we are all of the opinion that the court did not abuse its discretion, or commit prejudicial error, in sustaining objections to questions asked on cross-examination.

It is also claimed that the trial court abused its discretion in denying the motion of the defendant for a continuance of the trial for the purpose of obtaining the presence of two witnesses who had been subpœnaed, but who failed to appear at the trial.

As to this, the record discloses that defendant made known to the court what it expected the witnesses would testify to, but the information given to the court in that behalf is not a part of the record, and therefore we cannot say there was an abuse of discretion. However, upon the motion for a new trial, defendant filed an affidavit setting forth what such witnesses would testify to, and counter affidavits were filed by both of such witnesses, saying that the defendant had no just ground for expecting that they would testify as it was said they would, and that they would not have so testified. Under all the circumstances we find no prejudicial error in the action of the court taken in reference to that matter.

The principal claimed error is based upon the refusal of the court to direct a verdict in favor of defendant and in failing to grant the motion for a new trial on the ground that the verdict was manifestly against the weight of the evidence and excessive in amount.

The claim of the plaintiff was that the truck, instead of being driven on the easterly or the driver's

right-hand side of the road, where it belonged, was being driven along the middle of the road, *i. e.,* the middle of the paved portion of the road, and the claim of the defendant was that the plaintiff's car instead of being driven on the westerly or the driver's right-hand side of the road, where it belonged, was being driven in the center of the paved portion of the road, and each party claimed that he was driving on the right hand side of the road where he belonged; but it is apparent that both of these claims cannot be true, and that the accident occurred either as claimed by the plaintiff or as claimed by the defendant.

It is urged that the court should have granted the motion of the defendant for a directed verdict in its favor. The basis of that claim is that according to his own testimony the plaintiff saw the truck approaching when 200 feet away, and saw that it was occupying the middle of the paved portion of the highway, and that as the truck came nearer he saw that it continued in the middle, but that plaintiff did not turn to his right onto the dirt portion of the road until the vehicles were too close together to avoid a collision. It is said that such conduct on the part of the plaintiff raised a presumption of negligence on his part, which he did not dispel, and that, therefore, under the authority of *Cleveland, C., C. & St. L. Ry. Co.* v. *Lee, Admr.,* 111 Ohio St., 391, 145 N. E., 843, it became the duty of the trial court to determine that as a matter of law he was guilty of contributory negligence which prevented his recovering a judgment against the defendant.

If the plaintiff's testimony was true, and for the purposes of this question it must be taken to be true

and interpreted most favorably to him, he was driving on the westerly or right-hand side of the paved portion of the road, where he had a right to drive, and there was ample room for the truck to pass him while he was so driving if the driver of the truck had turned its course slightly and passed along the easterly portion of the pavement of the highway, which it was the duty of the driver of the truck to do.

The pavement was wide enough for the vehicles to pass upon the pavement if each driver observed the rules of the road and obeyed the law. On this phase of the case the claim of negligence on the part of the plaintiff is that he did not turn from that portion of the road which he had a right to occupy soon enough to permit the truck to use a portion of the road it was not entitled to use. In other words, the plaintiff was negligent in acting upon the expectation that the driver of the truck would obey the law and turn slightly to his right so as to pass on his portion of the highway; that the plaintiff insisted too long upon his rights and did not get out of the way of the truck which was being driven in violation of law.

The jury might have found from these facts that the plaintiff was negligent, but we do not find that they present a situation concerning which no two reasonable minds could differ, which is necessary in order to make it a question of law for the court to determine.

The jury was charged that, ''The plaintiff, in order to recover at all, must himself be free from negligence, and by that I mean carelessness causing or contributing to this collision,'' and this statement of the law was substantially repeated several times in the charge of the court.

It seems to the writer of this opinion that the jury was right in finding that, if the truck was being driven on the portion of the road which plaintiff had the right under the law to occupy, he was not guilty of negligence in delaying as long as he did the giving up of the road and attempting to get out of the way of the truck; but in any event we are all agreed that the question of plaintiff's negligence was not so plain as to be one of law for the court.

As has been said, it is strongly urged that the judgment is contrary to the manifest weight of the evidence.

There were no eyewitnesses to the accident, and the testimony was confined to the evidence of the two drivers and the physical facts and circumstances; the charge of the court submitting the case to the jury was an exceptionally clear and appropriate charge; there was no occasion for defining negligence, because the principal negligence claimed on each side was the driving of the vehicles in violation of the law of the road as established by the Legislature. In the charge the court said:

"Now, if the defendant was, as the plaintiff claims, driving his car on approximately the middle line, the middle part of this paved portion of the road, he was where he did not belong, and if because of that fact, if that is a fact, this collision occurred, and the plaintiff himself was free from any negligence directly causing or contributing to the collision, then the plaintiff is entitled to recover in this case.

"Likewise as to the lights, if the defendant did not have these headlights on, as the plaintiff claims, and of the character substantially as I have ex-

plained to you, and because he did not have those headlights on, this collision occurred, and the plaintiff himself was free from negligence directly causing or contributing to the collision, then the plaintiff is entitled to recover, or if the defendant was negligent in both respects, that is, driving approximately in the middle of the highway, and without lights, and these were the cause of the collision, and the plaintiff himself was free from negligence directly contributing to the collision, then the plaintiff is entitled to recover.

"On the other hand, if the defendant did have headlights of the character I have defined, and if he was driving on his right side of the highway, then the plaintiff is not entitled to recover, and your verdict should be for the defendant in such case. Or, if you find that he was driving—the defendant, I mean, was driving on his right side of the highway, and even though he did not have lights, nevertheless, if the plaintiff himself was driving on his left or on the wrong side of the highway, as to him, and by so doing caused or contributed to this collision, then the plaintiff cannot recover.

"The plaintiff in order to recover at all must himself be free from negligence, and by that I mean carelessness directly causing or contributing to this collision.

"So that, if you find that the defendant was negligent in any of the respects I have named directly causing the collision, and the plaintiff himself was free from negligence directly causing or contributing to it, he is entitled to recover.

"If the defendant was not negligent, but if this collision was due to the negligence of the plaintiff,

or directly contributed to by him, then the plaintiff is not entitled to recover, and your verdict should be for the defendant.

"The principal question in the case is which of these parties was on the wrong side of the highway. The evidence is quite conflicting in that respect. It will be for you to find the truth."

The court was right in saying that there was a sharp conflict in the evidence as to the facts which were relied upon to create a liability, and the jury was properly charged that the burden was upon the plaintiff. The location on the road of broken parts of plaintiff's car tended to corroborate him, while the location of the truck on the road immediately after the collision (it being on the side of the road where it belonged) tended to support the defendant. We recognize that whether it was the truck or plaintiff's car that was being driven on the wrong side of the road at the time of the collision is a question which the jury could not, and we cannot, determine with satisfactory certainty. The situation was such that that question, under our system of administering justice, was one peculiarly for the jury. The bill of exceptions is not long, and we have given the evidence careful consideration, and while at least some members of this court, if sitting as jurors, would have determined that plaintiff had not sustained the burden required by law, we are of the opinion that the verdict is not so manifestly against the weight of the evidence as to justify us in reversing the judgment on that ground.

As to the claim that the verdict was excessive, we are of the opinion that, if the plaintiff was entitled to recover, the verdict was not too large, and that in

any event the verdict is not so excessive that this court, under the well-settled rules and law governing it, can reverse the trial court for not granting a new trial on that ground.

There is some complaint as to other matters occurring at the trial, which we do not deem important enough to refer to especially, but we have examined such claims and do not find any prejudicial error in reference thereto.

Finding no prejudicial error, the judgment is affirmed.

*Judgment affirmed.*

PARDEE, P. J., and FUNK, J., concur.